UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER MERCADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE J.M. SMUCKER CO.,<br><br>Defendant. | Case No. 1:26-cv-04012-JAV-SDA |

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**PAGE(S)**


INTRODUCTION ........................................ 1

APPLICABLE LAW ........................................ 1

ARGUMENT ........................................ 2

I. DEFENDANT'S LABELING CLAIM IS MISLEADING ........................................ 2

A. A Technically True Labeling Claim Can Be Misleading ........................................ 2

B. A Reasonable Consumer Would Understand Defendant's Labeling Claim To Mean That The Products Are Primarily Sweetened With Splenda ........................................ 3

II. PLAINTIFF DOES NOT BRING A CLAIM FOR BREACH OF EXPRESS WARRANTY ........................................ 8

CONCLUSION ........................................ 9

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Adeghe v. Procter & Gamble Co.*,
2024 WL 22061 (S.D.N.Y. Jan. 2, 2024) .......... 8

*Anderson v. Unilever United States, Inc.*,
607 F. Supp. 3d 441 (S.D.N.Y. 2022).......... 7

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009).......... 2

*Barreto v. Westbrae Nat., Inc.*,
518 F. Supp. 3d 795 (S.D.N.Y. 2021).......... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......... 2

*Brockington v. Dollar Gen. Corp.*,
695 F. Supp. 3d 487 (S.D.N.Y. 2023).......... 4

*Bustamante v. KIND, LLC*,
100 F.4th 419 (2d Cir. 2024) .......... 4

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
516 F. Supp. 3d 370 (S.D.N.Y. 2021).......... 4

*Clemmons v. Upfield US Inc.*,
667 F. Supp. 3d 5 (S.D.N.Y. 2023) .......... 5

*Cobovic v. Mars Petcare US, Inc.*,
793 F. Supp. 3d 438 (E.D.N.Y. 2025) .......... 7

*Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
375 F.3d 168 (2d Cir. 2004).......... 2

*Fink v. Time Warner Cable*,
714 F.3d 739 (2d Cir. 2013).......... 4

*Frias v. Mars Wrigley Confectionery US LLC*,
2024 WL 3988667 (S.D.N.Y. Aug. 28, 2024).......... 3, 5

*Goetz v. Ainsworth Pet Nutrition, LLC*,
768 F. Supp. 3d 645, 657 (S.D.N.Y. 2025) .......... 7

*Grossman v. Simply Nourish Pet Food Co. LLC*,
516 F. Supp. 3d 261 (E.D.N.Y. 2021) ..................................................................... 7

*Hoffmann v. Kashi Sales, L.L.C.*,
646 F. Supp. 3d 550 (S.D.N.Y. 2022)..................................................................... 4

*Jennings v. Hunt Companies, Inc.*,
367 F. Supp. 3d 66 (S.D.N.Y. 2019)....................................................................... 2

*Kaplan v. Lebanese Canadian Bank, SAL*,
999 F.3d 842 (2d Cir. 2021)................................................................................... 2

*Loza v. Hershey Co.*,
2024 WL 5453795 (N.D. Cal. Aug. 16, 2024) ....................................................... 8

*Mantikas v. Kellogg Co.*,
910 F.3d 633 (2d Cir. 2018)............................................................................... 2, 6

*Orlander v. Staples, Inc.*,
802 F.3d 289 (2d Cir. 2015)................................................................................... 4

*Reyes v. Upfield US Inc.*,
694 F. Supp. 3d 408 (S.D.N.Y. 2023)..................................................................... 5

*Romanova v. Amilus Inc.*,
138 F.4th 104 (2d Cir. 2025) .................................................................................. 1

*Scott v. Saraya USA, Inc.*,
675 F. Supp. 3d 1040 (N.D. Cal. 2023) .................................................................. 7

*Seaman v. This Is L., Inc.*,
2024 WL 4449405 (E.D.N.Y. Oct. 2, 2024)............................................................ 3

*Sharpe v. A&W Concentrate Co.*,
481 F. Supp. 3d 94 (E.D.N.Y. 2020) ................................................................... 3, 5

*Sitt v. Nature's Bounty, Inc.*,
2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) ........................................................ 6

*Vazquez v. Walmart, Inc.*,
704 F. Supp. 3d 417 (S.D.N.Y. 2023)..................................................................... 5

*Warren v. Stop & Shop Supermarket, LLC*,
592 F. Supp. 3d 268 (S.D.N.Y. 2022)..................................................................... 5

*Williams v. Gerber Products Company*,
552 F.3d 934 (9th Cir. 2008) ........................................ 5

*Zahora v. Orgain LLC*,
2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) ........................................ 5

**<u>Statutes</u>**

N.Y. Gen. Bus. Law § 349 ........................................ 3, 8

N.Y. Gen. Bus. Law § 350 ........................................ 3, 8

**<u>Rules</u>**

Federal Rule of Civil Procedure 12(b)(6) ........................................ 1

**<u>Regulations</u>**

21 C.F.R. § 101.4(a) ........................................ 7

## INTRODUCTION

Defendant The J.M. Smucker Co. ("Smucker" or "Defendant") sells Smucker's Sugar Free Hot Fudge Spoonable Topping in all of its various varieties (the "Products"). Compl. (ECF No. 1) ¶ 1. Defendant prominently represents to consumers on the front of its packaging that the Products are "Sweetened with Splenda." *Id.* ¶¶ 2, 10. "This representation sends a clear message to consumers that Splenda is the primary sweetener in the Products." *Id.* ¶ 2. "Unbeknownst to consumers, however, Defendant's claims are false because the Products are primarily sweetened with other less desirable sweeteners such as maltitol syrup, glycerin and sorbitol." *Id.* ¶ 3.

Defendant now moves to dismiss the Complaint, but its arguments lack merit. First, Defendant argues that the Court should dismiss because the Products contain some Splenda and so its "Sweetened with Splenda" is literally true. But the Second Circuit has held that even a literally true labeling representation can be misleading. Here, Defendant's "Sweetened with Splenda" claim is misleading even if the Products technically contain a small amount of Splenda. Second, Defendant argues that its "Sweetened with Splenda" representation is not misleading because a reasonable consumer could resolve any ambiguity by looking at the ingredient list. But the ingredient list does resolve anything because it does not mention Splenda by name.

For all of these reasons, as set forth in greater detail below, the Court should deny Defendant's Motion to Dismiss.

## APPLICABLE LAW

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true "all factual allegations in the complaint" and "draw[s] all reasonable inferences" in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v.*

*Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [the standard] requires more than labels[,] conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "The Court's charge in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004)).

## ARGUMENT

### I. DEFENDANT'S LABELING CLAIM IS MISLEADING

#### A. A Technically True Labeling Claim Can Be Misleading

Defendant argues that the Court should dismiss the Complaint because Splenda is one of the sweetening agents in the Products and so its labeling claim is "literally true." MTD at 5. That is incorrect. As the Second Circuit has made clear, whether a labeling statement is literally true is not a defense if that statement is nevertheless misleading.

In *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), the plaintiffs alleged that they were misled by the words "whole grain" displayed on the front box of Cheez-It crackers. *Id.* at 638. The Second Circuit held that the "whole grain" statement was actionable, even though it could be considered technically true (the crackers contained *some* whole grains), because a reasonable consumer could interpret that statement to mean that the crackers were *mostly* made of whole grain. *Id.* In other words, "under *Mantikas*, the literal truth of the statements on a product's packaging (or, said otherwise, the lack of an 'affirmatively inaccurate statement') is not determinative of whether the statements are misleading as a matter of law." *Seaman v. This Is L., Inc.*, 2024 WL

4449405, at *3 (E.D.N.Y. Oct. 2, 2024); *Frias v. Mars Wrigley Confectionery US LLC*, 2024 WL 3988667, at *3 (S.D.N.Y. Aug. 28, 2024) (applying "the logic of *Mantikas*," plaintiffs "plausibly alleged that a reasonable consumer would likely be misled" by the literally true representation that the product was made with real cheese when it hardly contained any cheese at all); *Sharpe v. A&W Concentrate Co.*, 481 F. Supp. 3d 94, 104 (E.D.N.Y. 2020)) (citing *Mantikas* and holding that defendant's "made with aged vanilla" claim, even if technically true, was misleading because the vanilla flavoring was predominantly artificial).

Here, as explained *infra* at Section I.B, Defendant's labeling claim is misleading regardless of whether it is literally true. A reasonable consumer would understand the representation "Sweetened with Splenda" to mean that Splenda was the primary sweetener in the Products. The inclusion of a small amount of Splenda in the Products might render Defendant's representation "literally true," but it is still misleading because it defies reasonable consumers' expectations based on Defendant's representation.

### B. A Reasonable Consumer Would Understand Defendant's Labeling Claim To Mean That The Products Are Primarily Sweetened With Splenda

Defendant argues that the Court should dismiss the Complaint because its "Sweetened with Splenda" representation is at most ambiguous and not affirmatively misleading. MTD at 6. That is incorrect. Plaintiff alleges that a reasonable consumer would understand the representation that the Products are "Made with Splenda" to mean that Splenda is the primary sweetening agent in the Products. That claim is false because the Products are "primarily sweetened with other less desirable sweeteners such as maltitol syrup, glycerin and sorbitol." Compl. ¶¶ 2-3.

Section 349 of the GBL prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349. Section 350 similarly prohibits "[f]alse advertising in the conduct of any business, trade or

commerce or in the furnishing of any service in this state." *Id.* § 350. "The standard for recovery under Section 350, while specific to false advertising, is otherwise identical to Section 349." *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 802 (S.D.N.Y. 2021) (cleaned up). "To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quotations and citations omitted). The "reasonable consumer" standard governs the deception element under Sections 349 and 350. This test requires a showing that a representation is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This is an objective standard. *Bustamante v. KIND, LLC*, 100 F.4th 419, 426 (2d Cir. 2024).

Here, Plaintiff adequately alleges that Defendant's labeling claim is misleading. When a product label prominently highlights the use of a particular sweetener, reasonable consumers understand that it is the primary sweetening agent in the product. *See, e.g.*, *Brockington v. Dollar Gen. Corp.*, 695 F. Supp. 3d 487, 508 (S.D.N.Y. 2023) (where label stated product was "made with real honey," "a reasonable consumer might conclude that honey is the predominant or a significant sweetener."); *Hoffmann v. Kashi Sales, L.L.C.*, 646 F. Supp. 3d 550, 560 (S.D.N.Y. 2022) (where label stated that the product was "made with wildflower honey," the Court could not "conclude it is impossible for a reasonable consumer to be misled into believing the Product was predominantly sweetened with honey (not tapioca syrup or sugar)"); *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 385 (S.D.N.Y. 2021) (naming a product "honey graham crackers" was "likely to mislead a reasonable consumer into thinking that the product's primary sweetener is honey.").

Similarly, when a product label states it is "made with" a particular ingredient, reasonable consumers understand that to mean that the named ingredient plays a significant role in that composition of that product. *Clemmons v. Upfield US Inc.*, 667 F. Supp. 3d 5, 17 (S.D.N.Y. 2023) ("It is therefore plausible that the representation that the plant butter is 'Made With Olive Oil' could lead a reasonable consumer to conclude that the major plant-based ingredient was olive oil."); *Reyes v. Upfield US Inc.*, 694 F. Supp. 3d 408, 424 (S.D.N.Y. 2023) ("made with almond oil" representation would lead a reasonable consumer to believe that the primary oil in the product was almond oil); *Williams v. Gerber Products Company,* 552 F.3d 934 (9th Cir. 2008) (statement that Fruit Juice Snacks was made with 'fruit juice and other all natural ingredients' could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false."); *Frias*, 2024 WL 3988667, at *3 ("made with real cheese" representation actionable when product contained hardly any cheese); *Sharpe*, 481 F. Supp. 3d at 104 (same for vanilla representation).

Meanwhile, courts have dismissed claims because the "sweetened with" or "made with" representation present here was missing. *See, e.g.*, *Warren v. Stop & Shop Supermarket, LLC*, 592 F. Supp. 3d 268, 279 (S.D.N.Y. 2022) (use of the word "honey" on the label, standing alone, was not misleading because the packaging did not state "sweetened with" honey); *Vazquez v. Walmart, Inc.*, 704 F. Supp. 3d 417, 424 (S.D.N.Y. 2023) ("The packaging does not use language such as 'made with pure honey,' 'sweetened with pure honey,' 'no added sugars,' or anything similar," the absence of which undermines the inference that honey is a predominant ingredient or sweetener.") (cleaned up); *Zahora v. Orgain LLC*, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) (noting that "[h]ad the Product's label contained words such as 'made with vanilla beans' or 'contains vanilla beans,' then a reasonable consumer might have been led to believe that vanilla

from vanilla extract is the primary or exclusive source of its flavor.”).

Here, a reasonable consumer reading the label for Smucker’s Sugar Free Hot Fudge Topping would see that it was “Sweetened with Splenda” and understand that to mean that Splenda was the primary sweetener in the Products. Defendant counters that its claim is ambiguous because it might simply mean that “Splenda is one of multiple sweeteners” in the Products. MTD at 7. But that makes little sense. Defendant’s decision to highlight the inclusion of Splenda on its front label sends a clear message to consumers that Splenda plays a critical role in the composition of the Product.

Nor does “the label’s ingredient list conclusively resolve[] any ambiguity created by the front-label statement.” MTD at 7. As a general rule, “reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.” *Mantikas*, 910 F.3d at 637; *Williams v. Gerber Prods. Co.*, 523 F.3d 934, 939 (9th Cir. 2008) (“We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception.”); *Sitt v. Nature’s Bounty, Inc.*, 2016 WL 5372794, at *13 (E.D.N.Y. Sept. 26, 2016) (“Reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.”) (quoting *Williams*).

But even if considered, the ingredient list on the label does little to help Defendant’s argument because <u>Splenda is not mentioned in the ingredient list by name</u>. While Defendant helpfully points out in its brief that Splenda is made of sucralose, the ingredient list only refers to

"SUCRALOSE (NON NUTRITIVE SWEETENER)."[1] But a reasonable consumer cannot be expected to know the generic name for Splenda. *See Cobovic v. Mars Petcare US, Inc.*, 793 F. Supp. 3d 438, 446 (E.D.N.Y. 2025) (rejecting defendant's argument that ingredient list clarified any ambiguity about the labeling claim because a reasonable consumer would not be able to "accurately identify the synthetic ingredients listed on the back label"); *Anderson v. Unilever United States, Inc.*, 607 F. Supp. 3d 441, 454 (S.D.N.Y. 2022) (rejecting "theory that a reasonable consumer could simply consult the ingredient list" because it would require the court "to credit the notion that a reasonable consumer would be familiar with what the many ingredients listed are and those ingredients' properties [and] origins[.]"); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 281 (E.D.N.Y. 2021) ("the effect that such list may have on a reasonable consumer's understanding of the Products' label is a factual inquiry"); *Goetz v. Ainsworth Pet Nutrition, LLC*, 768 F. Supp. 3d 645, 657 (S.D.N.Y. 2025) ("The Court is unpersuaded that all reasonable consumers should know what 'menadione sodium bisulfate complex' (synthetic vitamin K) is, for example."). Nor would they necessarily know that the Federal Food and Drug Administration has issued a regulation requiring that ingredients be listed "in descending order of predominance by weight." 21 C.F.R. § 101.4(a).

Defendant's representation that the Products are "Sugar Free" likewise indicates to reasonable consumers that the Products are primarily sweetened with Splenda. Compl. ¶¶ 8, 10. While Splenda is not made from sugar, the other sweeteners in the Products (maltitol syrup, glycerin and sorbitol) all are. Accordingly, Defendant's "Sugar Free" description in combination

---

[1] The back label, which is incorporated by reference into the Complaint, is available at: https://www.smuckers.com/smuckers/products/sugar-free-hot-fudge-topping/77928/image-thumb__77928__responsive_3400_JPEG/sugar-free-hot-fudge-topping_00051500044506_C7C1.29c6d4c6.jpg (last checked Aug. 10, 2026).

with its "Sweetened with Splenda" representation made it even clearer to consumers that Splenda was the primary sweetener in the Products. *See, e.g.*, *Scott v. Saraya USA, Inc.*, 675 F. Supp. 3d 1040, 1044-47 (N.D. Cal. 2023) (plaintiff "adequately alleged a misrepresentation" where label stated "sweetened with monk fruit" and "no sugar added," but product was primarily sweetened with erythritol, which is made from sugar); *Loza v. Hershey Co.*, 2024 WL 5453795, at *3 (N.D. Cal. Aug. 16, 2024) ("Stevia Sweetened" promise was misleading, despite inclusion of some Stevia, when made in combination with "No Sugar Added" representation).

Defendant argues that this case "is materially indistinguishable" from *Adeghe v. Procter & Gamble Co.*, 2024 WL 22061 (S.D.N.Y. Jan. 2, 2024). That is incorrect. *Adeghe* involved a front label on washing detergent promising "64 loads ◇." *Id.* at *4. The court held that the "◇" symbol would have "prompt[ped] a reasonable consumer to consult the Product's back label" where they would have found clarification that the 64 loads referred to "64 medium loads as measured using the Product's cap." *Id.* Here, on the other hand, Defendant's front labeling misrepresentation was not modified by a diamond, an asterisk or any other symbol indicating that there might be clarifying information elsewhere on the label. Instead, Defendant's "Sweetened with Splenda" stands alone on its front label, giving consumers no indication that they would need to look elsewhere on the label for clarification or further details.

## II. PLAINTIFF DOES NOT BRING A CLAIM FOR BREACH OF EXPRESS WARRANTY

Puzzlingly, Defendant moves to dismiss Plaintiff's claim for breach of express warranty even though he only asserts claims under GBL §§ 349 and 350. MTD at 9. Accordingly, no response is required. In addition, Plaintiff withdraws any request in the Complaint for equitable relief and/or punitive damages.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Defendant's Motion to Dismiss. However, should the Court grant any part of Defendant's motion, Plaintiff respectfully requests leave to file an amended complaint.

Dated: August 10, 2026

Respectfully submitted,

**ARISOHN LLC**

By: *<u>/s/ Joshua D. Arisohn</u>*
Joshua D. Arisohn

Joshua D. Arisohn
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorney for Plaintiff*